SANTOS, PETITIONER AND APPELLANT, *v.* COLÓN, CONTESTANT AND APPELLEE.

APPEAL from the District Court of Guayama in a Dominion Title Proceeding.

No. 1983.—Decided July 31, 1919.

DOMINION TITLE—EVIDENCE.—When the contestant in a dominion title proceeding bases her opposition on the claim that she is the owner of the property, she must first show her title before she can attack that of the petitioner. And in the absence of evidence of a better title, the mere statements made by contestant's husband, and denied by the petitioner, that the latter had on a certain occasion admitted that he held the property as usufructuary, are too vague to destroy the *prima facie* title shown by the petitioner or his predecessors, who, on the other hand, had held possession of the property as owners for more than thirty years.

APPEAL—STATEMENT OF CASE—BILL OF EXCEPTIONS.—An appeal will not be dismissed on the ground that the judge did not approve the statement of the case when, although the judge did not use the word "approve" he certified that he was the judge who sat in the case referred to in the antecedent statement of the case and bill of exceptions; that they contained a true and faithful copy of all the evidence offered by the parties and of the exceptions taken at the trial, and that for the purposes of the appeal he presented the same with his signature and the seal of the court.

The facts are stated in the opinion.

*Messrs. M. Guzmán Texidor* and *Mr. Martínez Dávila* for the appellant.

*Messrs. José C. Ramos* and *Luis Muñoz Morales* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant filed a petition in the District Court of Guayama seeking a dominion title. There is no question of

the sufficiency of the petition or of the edicts or of the citation of the district attorney, the latter filing a favorable report. In answer to the citation Concepción Colón de Morales appeared. There was a day set for trial at which the petitioner solely appeared and presented proofs. Then, by stipulation the respondent was allowed to appear and present her evidence, and the petitioner presented proof in rebuttal. The court decided that the evidence of the petitioner was insufficient and rendered judgment against him, and he assigns various errors on appeal.

The petitioner presented a deed of purchase from Leonides Colón, Emilia Colón Delgado and Josefa Colón Delgado. These three persons were sisters and a brother. The petitioner, Leonides Colón, and another gave testimony tending to show that Leonides Colón and his sisters had owned and possessed the property for a number of years, and their father before them. Leonides Colón was forty-eight years old and had lived on the property all that time, and he testified that his father had owned it before him. With this we think a clear *prima facie* case was made out by the petitioner.

The petitioner and his predecessors in title, besides, had been in possession of the land as owners for more than thirty years, even supposing the father of the vendors did not have a title before them.

On the part of the respondent there was a witness, Federico Juliá, who identified persons, but gave no testimony bearing on the issue.

The principal witness of the respondent was her husband, Juan Morales. He said that he knew a property of 22.95 acres in the ward of Sur of Cidra (the description of the property of petitioner) and that this property belonged to his wife by adjudication. He asserted that Leonides Colón was on the property as usufructuary and that Leonides Colón agreed to be there as usufructuary, paying the dues (*derechos*); that he did not know when Cayetano, father of the

Colóns, died; that he did not know at what period Cayetano was living on the property; that his wife had never lived where Cayetano was; that he had always seen the Colón family living on the property, and other testimony to the effect that Cayetano lived on the property. The rest of his testimony contained vague statements that a notary had said that Cayetano had said that Concha had a property where the Colón property was, or words to that effect. The only positive statements of his rambling narrative bearing on the issue were that the Colóns were there as usufructuaries, and that Leonides Colón had admitted as much. His wife gave no testimony and probably, from a false start that the witness made, his knowledge proceeded from her.

After he had concluded the respondent offered deeds in evidence tending to show that Cayetano Colón had sold all the property he had in the town of Cidra. These deeds were offered for no other purpose. The respondent offered besides a deed of an extrajudicial partition made in 1860 or thereabouts by the father of Cayetano Colón, named José Ramón Colón, who was also the grandfather of respondent, Concepción Colón. As to the deeds made by Cayetano Colón, the petitioner objected substantially because they were immaterial and irrelevant. Indeed, they were not shown to include the property in question, and nowhere do we find any justification for their admission. The court admitted them provisionally and the theory of respondent apparently was that Cayetano had thus sold all the property he had possessed. This is a conclusion for which a great deal more proof was needed.

When the alleged deed of partition was examined it turned out, not to contain any partition and the petitioner very properly objected that the said deed contained no partition, and that the best evidence would have been such partition itself. The respondent offered to complement the deed with oral proof and the court admitted the deed. This was error, espe-

cially as the offer of further oral testimony does not appear to have been performed.

Then Leonides Colón took the stand and denied that he had ever had the alleged conversation with the respondent's husband; that the respondent had ever made a claim on the land; that the said Juan Morales had said to him that his wife had some land thereabouts and the witness offered to look for it.

The petitioner made out a *prima facie* case. The only thing to combat it was the vague statement of Juan Morales that Leonides Colón had admitted that he owned the land as usufructuary. In the absence of any showing of the origin of title in the respondent, this was plainly too vague. All the presumptions of ownership were in favor of the Colóns as they had possessed the land for years and years. The presumption from possession and the testimony of the petitioner's witnesses could not be destroyed by this vague and unsatisfactory proof.

The principal theory of appellee was that all the land that Cayetano owned was by inheritance from his father, and he had sold it all. We agree with the appellant that appellee should first have shown an interest before she could make an attack on petitioner's title, and this she failed to do.

Respondent now also moves that the appeal be dismissed because the statement of the case was not approved by the judge. We are at a loss to understand this motion. The judge does not use the word "approve," but he certifies that he was the judge who sat on the case referred to in the antecedent statement of the case and bill of exceptions, and that they contained a true and faithful copy of the proof offered, and exceptions taken, at the trial, and that for the purposes of the appeal the judge presented it with his signature and seal of the court. This was attested by the secretary of the court and an additional certificate thereof made by the two attorneys.

The judgment must be reversed and the case remanded

to the court below for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.